IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date: February 6, 2009

Courtroom Deputy: Nel Steffens
Court Reporter: Suzanne Claar
Probation Officer: Laura Ansart

**Criminal Case No.**     08–cr–00240–REB

UNITED STATES OF AMERICA,     Judith Smith

    Plaintiff,

v.

1. BRANDON WILLIAM LEDBETTER,     Edward Pluss

    Defendant.

**SENTENCING MINUTES**

**10:04 a.m.**     **Court in session.**

Defendant is present in custody.

Appearances of counsel. Also seated at Government's table is FBI Special Agent Ricky Wright.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Mitigation statement by Mr. Pluss.

1

The defendant is sworn.

Statement by the defendant.

Statement by Ms. Smith.

The Court has considered all relevant matters of fact and law, including the following:

1. The Plea Agreement of the parties, including the written Stipulation of Facts Relevant to Sentencing.
2. The nature and circumstances of the offense for which the defendant is being sentenced.
3. The history and characteristics of the defendant as the offender.
4. The authorized sentences under 18 U.S.C. §3551.
5. The advisory sentence guidelines.
6. The presentence report and addendum.
7. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(1)-(7).
8. The positions of the government, the defendant, and the probation department.

**Defendant entered a guilty plea on October 24, 2008 to Count One of the Indictment.**

Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It is ORDERED as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved;

2. That the Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1 (#25, filed February 5, 2009) is GRANTED;

3. That the defendant's request for a variance below the guideline pursuant to 18 U.S.C. § 3553(a), which is attached to the addendum to the presentence report, is respectfully DENIED;

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, and the provisions of 18 U.S.C. § 3621(a), it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be

          imprisoned for a term of **seventy-four** months;

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years**, provided furthermore, that within 72 hours of his release from imprisonment, defendant shall report in person to the probation department within the federal district to which he is released;

7. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and U.S.S.G. §5D1.3(a);

8. That while on supervised release, the defendant shall comply with all standard conditions of supervised release recommended at U.S.S.G. § 5D1.3(c) adopted, approved, and imposed in all such cases and circumstances;

9. That while on supervised release the defendant shall comply with the following explicit or special conditions of supervised release:

    • the defendant shall not violate any federal, state or municipal statute, regulation or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    • the defendant shall not possess or use illegally any controlled substance;

    • the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    • the defendant shall cooperate in the collection of a sample of his DNA;

    • defendant shall submit to one drug test within fifteen days of his release from imprisonment and two other periodic tests as directed by his probation officer;

    • the defendant, at his own expense, unless then indigent, shall undergo a mental health evaluation and a separate alcohol and substance abuse evaluation. Thereafter, again at his expense, he shall receive any treatment, therapy, counseling, testing, or education prescribed by such evaluations or as reasonably directed by his probation officer or as ordered by the court. To ensure continuity of treatment, the Court authorizes the probation department to release psychological reports and/or the presentence

>report to any person or entity responsible for or involved in the treatment of the defendant. The defendant shall abstain from the use of alcohol and other intoxicants during the course of any such treatment, therapy, counseling, testing, or education;

10. That no fine is imposed;

11. That the defendant shall pay forthwith a special victims' fund assessment of $100.00;

12. That pre-sentence confinement shall be determined by the Bureau Prisons under 18 U.S.C. § 3585; and

13. That the defendant is remanded to the custody of the United States Marshal for imposition and execution of this sentence.

Defendant waives formal advisement of right to appeal.

Court further addresses the defendant.

**10:48 a.m. Court in recess.**

Total time in court: 00:44

Hearing concluded.